1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
9                               AT TACOMA
10   AMY CATHERINE SCHORNO,

11            Plaintiff,
                                              Case No. C09-5778 RBL
12       v.
                                         ORDER RE STATE FARM'S MOTION FOR
13   STATE FARM FIRE AND CASUALTY         PROTECTIVE ORDER AND
     COMPANY, a foreign corporation; JOHN SCHORNO'S MOTION TO COMPEL AND
14   DOES 1-10,                           MOTION FOR EXTENSION OF TIME TO
                                          JOIN ADDITIONAL PARTIES
15            Defendant.

16

17          This matter comes before the Court on the motion of Defendant Sate Farm Fire and Casualty

18   Company (State Farm) for a protective order, the motion of Plaintiff Amy Schorno to compel

19   production of documents and answers to interrogatories, and motion of Plaintiff for an extension of

20   time to add additional parties.  The Court, having reviewed the pleadings filed in support of the

21   motions and those in response, and the record herein, is fully informed and rules as follows.

22                              **Introduction and Background**

23          This is an action against an insurer asserting claims for an alleged wrongful denial of the

24   duty to defend the insured.  Plaintiff's complaint asserts causes of action for breach of contract, bad

25

26   ORDER - 1

1    faith, negligence, and violations of the Washington Consumer Protection Act, RCW 19.86 *et. seq*.

2          In the underlying litigation, Plaintiff Amy Schorno brought suit against Kevin Kannada and

3    his parents, Jeff and Kathy Kannada, alleging that Kevin Kannada physically and sexually abused

4    Amy Schorno and that his parents failed to control Kevin's behavior.

5          Kevin Kannada and his parents filed counterclaims against Amy Schorno.  Amy Schorno

6    tendered the defense of these counterclaims to her insurer, State Farm, which in turn denied the

7    tender of the claims on the basis that the allegations in the counterclaims do not trigger coverage

8    under the policy.

9          The counterclaims allege that Amy Schorno initiated a sexual relationship with Kevin

10   Kannada when he was age fourteen.  Kannada asserts that Amy Schorno groomed him for sexual

11   abuse and victimization. It is alleged this predatory sexual contact and intercourse was long term,

12   occurring between the fall of 2000 and the summer of 2005.  It is further asserted that when Kevin

13   threatened to inform Amy Schorno's husband of the relationship if she would not allow it to end,

14   Amy Schorno attempted to save herself by informing her husband that Kevin Kannada had sexually

15   abused and raped her.  Thereafter, the Schornos separated and Amy Schorno petitioned for a

16   dissolution of her marriage.

17         Kevin and his parents served Amy Schorno and her separated husband with demand letters

18   for money compensation for the damages suffered by Kevin and his parents.  Both Schornos

19   tendered the demand letters to their insurer, State Farm.  State Farm accepted the tender of Mr.

20   Schorno's defense.  However, Amy Schorno's tender was denied on the basis of lack of coverage

21   under the policy for intentional conduct, i.e., sexual abuse.  Amy Schorno then commenced the

22   underlying lawsuit filed against Kevin Kannada and his parents.  Kevin Kannada and his parents

23   filed counterclaims

24         The causes of action asserted in Kevin Kannada's counterclaim are (1) sexual abuse of a

25   child, (2) outrage arising form the sexual abuse, (3) malicious interference with parent-child

26   ORDER - 2

1   relationship in furtherance of the sexual abuse, (4) defamation as a result of labeling Kevin

2   Kannada a rapist and physical abuser, and (5) communication with a minor for immoral purposes.

3          The counterclaim of Jeff and Kathy Kannada, assert causes of action for (1) injury to the

4   parent child relationship, (2) negligent infliction of emotional distress, (3) intentional infliction of

5   emotional distress, (4) outrage, and (5) negligent supervision.

6          State Farm denied Schorno's tender of the defense of the counterclaims, asserting that the

7   allegations do not trigger coverage under the terms of the policy, and are otherwise excluded.

8          Amy Schorno commenced this suit for wrongful denial of the duty to defend.  State Farm

9   produced it's claims file to Plaintiff as a part of State Farm's Rule 26(a) initial disclosures.  On May

10  24, 2010, State Farm served its answers and responses to Plaintiff's First Set of Interrogatories and

11  Requests for Production.  State Farm identified Carol Funk and Rich Steward as the employees

12  involved in the coverage determination. State Farm objected to much of the remainder of the

13  requests for production on the grounds of attorney-client privilege and/or work product immunity.

14  In regard to these objections, State Farm produced a privilege log.  Additional objections were that

15  the requests were unduly burdensome and oppressive and not reasonably calculated to lead to the

16  discovery of admissible evidence on the claim wrongful denial of the duty to defend.

17         Plaintiff served upon State Farm a number of notices of depositions for various State Farm

18  employees, individuals not employed with State Farm, and a law firm that has no affiliation with

19  State Farm. Plaintiff also served a purported subpoena deuces tecum for a non-employee of State

20  Farm.  Plaintiff's counsel served the above notices and subpoena without first contacting State

21  Farm's counsel to determine whether: (1) State Farm's counsel was available on the dates noted; (2)

22  whether the individuals noted for deposition are in fact individuals; (3) whether the individuals

23  noted are State Farm employees; and (4) whether the individuals noted possess any relevant

24  knowledge to the issues in this action.

25         State Farm's counsel notified opposing counsel of their unavailability on the noting date and

26  ORDER - 3

1    further advised that the notices of deposition and subpoena were defective and were served without

2    consulting Sate Farm regarding the availability of the deponents and their counsel.

3          On June 1, 2010, counsel engaged in a discovery conference.  State Farm's counsel advised

4    Plaintiff's counsel that the notices of deposition to State Farm agent Kevin Olive and coverage

5    attorney D. Bradley Hudson were improper because these individuals are not State Farm

6    employees. Plaintiff's counsel was advised that the notice of deposition of Hudson Youngblood was

7    improper because Hudson Youngblood is a law firm, not an individual, and has no affiliation with

8    State Farm.  Plaintiff's counsel was also asked to strike the notices for State Farm secretarial staff

9    (Andrea Keech, Anita Beshears, Christine Heinrich, and Bet Gouras), as they are not claims

10   adjusters or supervisors and have no relevant knowledge of the handling of Plaintiff's claim.

11   Counsel for Plaintiff refused to strike the deposition notices.  Subsequently, State Farm filed the

12   instant motion for a protective order.

13          The motion for a protective order seeks to (1) limit the depositions of State Farm employees

14   to only those with relevant knowledge and claims handling experience and to those who handled

15   Plaintiff's claim which is the subject of this lawsuit; (2) strike the notices of deposition sent by

16   Plaintiff's counsel to State Farm's attorneys for non-State Farm employees and entities; (3) prohibit

17   Plaintiff's counsel from noting depositions of individuals without first contacting State Farm's

18   counsel to determine counsel's and the potential deponents' availability; and (4) require that no

19   deposition go forward unless the date, time, and location of the noted deposition is mutually

20   convenient for the parties and the potential deponent.

21          Plaintiff's response to the motion for a protective order is that State Farm is "stone walling"

22   discovery and attempting to have its motion for summary judgment determined prior to the

23   opportunity for adequate discovery.  Concerning the depositions of "low level clerical employees,"

24   Plaintiff asserts that State Farm should not be entitled to unilaterally decides which employees are

25   subject to deposition.  Plaintiff argues that they may have testimony that would be admissible, or

26   ORDER - 4

1    may have knowledge that leads to the discovery of admissible evidence.

2         On the same date that State Farm filed its motion for protective order, Plaintiff filed a

3    motion to compel production of documents and answers to interrogatories.  Plaintiff asserts that she

4    is entitled to documents concerning the claims made in the demand letter of the Kannadas against

5    her separated husband, Dan Schorno.  Through the declaration of Plaintiff's counsel,  it is asserted

6    that "State Farm sold Amy [Schorno] out completely, collaborated in an effort to deny her

7    coverage, provided her co-insured husband with coverage for the same claims for which she was

8    denied coverage, promised Dan [Schorno] would assist Kannadas in their claims, and provided free

9    counsel for Kannadas to not only defend against Amy's claims, but to prosecute their

10   counterclaims." Motion to Compel, at 2.

11        State Farm has moved to strike the declaration of Plaintiff's counsel on the basis of lack of

12   personal knowledge (hearsay), lack of foundation, lack of relevancy, and as containing legal

13   conclusions.

14        Plaintiff also moves for an extension of time in order that she be permitted to discover the

15   names of individuals that conspired to deny her coverage and so that they may be joined as

16   additional defendants.

17                          **Relevancy and Discovery**

18        The thrust of the motion to compel is that State Farm is thwarting discovery in an attempt to

19   have its motion for summary judgment on the duty to defend determined without permitting

20   Plaintiff the ability to properly defend the motion.

21        According to Fed. R. Civ. P. 56(f), if a party opposing a motion for summary judgment

22   shows by affidavit that, for specified reasons, it cannot present facts essential to justify its

23   opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be

24   obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just

25   order.  This is not a Rule 56 proceeding.  Nonetheless, the Court employ's the same principle to

26   ORDER - 5

1    determine whether a party is entitled to additional discovery.  Rule 56(f) requires affidavits setting

2    forth the particular facts expected from the movant's discovery.  Failure to comply with the

3    requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary

4    judgment.  Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986).  Rule

5    56(f) requires affidavits setting forth the particular facts expected from the movant's discovery.  The

6    burden is on the party seeking additional discovery to proffer sufficient facts to show that the

7    evidence sought exists, and that it would prevent summary judgment.  Chance v. Pac-Tel Teletrac

8    Inc., 242 F.3d 1151, 1161 n6 (9th Cir. 2001).  Denial of a Rule 56(f) application is proper where it

9    is clear that the evidence sought is the object of pure speculation.  Terrell v. Brewer, 935 F.2d 1015

10   (9th Cir.1990); Volk v. D A Davidson & Co., 816 F.2d 1406, 1416-17 (9th Cir.1987).  The

11   declaration of Plaintiff's counsel does not show how evidence of this purported conspiracy actually

12   exists or how such evidence is essential to resist the summary judgment motion.  The declaration is

13   no more than speculation and does not appear to resist the basis for summary judgment.

14           An insurer's duty to defend arises when an action is first brought; and it is based on the

15   potential for liability.  Truck Ins. Exch. v. Vanport Homes, Inc., 147 Wn.2d 751, 760, 58 P.3d 276

16   (2002).  An insurer has a duty to defend when a complaint against the insured, construed liberally,

17   alleges facts which could, if proven, impose liability upon the insured within the policy's coverage.

18   Id.; Holly Mountain Resources, Ltd. v. Westport Ins. Corp., 130 Wn. App. 635, 647, 104 P.3d 725

19   (2005).  If the alleged claims are clearly outside the policy's coverage, then the insurer has no duty

20   to defend.  Truck, at 760; Holly Mountain, at 647.

21           The insurer must investigate the claim, that is, consider facts outside the complaint, if (1)

22   coverage is not clear from the face of the complaint but may nonetheless exist, or (2) the allegations

23   are in conflict with facts known to or readily ascertainable by the insurer, or the allegations of the

24   complaint are ambiguous or inadequate.  Truck, at 276; Holly Mountain, at 647.

25           Under Washington law, a victim's claims against an insured for battery and assault,

26   ORDER - 6

1    intentional infliction of emotional distress and outrage, and childhood sexual abuse did not arise

2    from accident, and thus do not fall within scope of coverage under homeowner's insurance policies

3    that cover only accidental occurrences.  Western Protectors Ins. Co. v. Shaffer, 624 F.Supp.2d 1292,

4    1298 (W.D. Wash. 2009).  Claims sounding in negligence are also excluded from coverage and the

5    duty to defend where the complaint unambiguously states that the conduct giving rise to the claims

6    is the sexual abuse of a minor.  Id., at 1299-1300.  See also, American Economy Ins. Co. v. Estate

7    of Wilker, 96 Wn. App. 87, 977 P.2d 677 (1999)( no duty to defend claim for negligent infliction of

8    emotional distress on minor who witnessed insured's sexual molestation).

9         The State Farm homeowner's policy at issue covers only accidental occurrences.  The

10   complaint is unambiguous and the insurer has no obligation to consider facts outside the complaint.

11   That being the case, Plaintiff's motion to compel discovery of investigative materials contained in

12   State Farm's handling of the claim against Dan Schorno (her separated husband) lacks relevance

13   and is not reasonably calculated to lead to discoverable evidence.  The same is true of the

14   Kannadas' claim file.

15        State Farm produced its claim file for Amy Schorno.  The correspondence contained therein

16   show the analysis and decision process that led to the determination of the denial of the claim.

17   Under the plain language of the counterclaims and the policy language, additional discovery is

18   unwarranted.  Additionally, compelling disclosure would require the disclosure of privileged

19   communications and attorney work product.  Plaintiff's motion to compel is **DENIED**.

20        Further, the duty to defend being governed by an unambiguous complaint alleging

21   intentional conduct, ie. sexual abuse, there is no conceivable basis for the joinder of additional party

22   defendants to Plaintiff's complaint.  The motion for an extension of time to join additional parties is

23   **DENIED**.

24        State Farm is correct in attempting to limit the depositions of State Farm employees to only

25   those with relevant knowledge and claims handling experience and to those who handled Plaintiff's

26   ORDER - 7

1  claim which is the subject of this lawsuit.  It is also appropriate that counsel confer and note

2  depositions at a mutually convenient date, time and place for the parties and the deponents.  The

3  motion for a protective order is **GRANTED.**

4  **ACCORDINGLY;**

5  **IT IS ORDERED:**

6  Plaintiff's Motion for an Extension of Time to Join Additional Parties [Dkt 19] is **DENIED**.

7  Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories

8  [Dkt 24] is **DENIED**.

9  State Farm's Motion for Protective Order [Dkt 26] is **GRANTED**:

10  1. The depositions of State Farm employees is limited to only those with relevant

11  knowledge and claims handling experience and to those who handled Plaintiff's claim

12  which is the subject of this lawsuit;

13  2. Notices of Deposition sent by Plaintiff's counsel to State Farm's attorneys for non-State

14  Farm employees and entities are stricken;

15  3. No deposition will go forward unless the date, time, and location of the noted deposition

16  is mutually convenient for the parties and the potential deponent

17

18  DATED this 21st of June, 2010.

19

20  RONALD B. LEIGHTON
    UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26  ORDER - 8