---
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMY CATHERINE SCHORNO,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation; JOHN DOES 1-10,<br><br>  Defendant. | Case No. C09-5778 RBL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO COMPEL |

  This matter comes before the Court on the motion of Plaintiff Amy Schorno for reconsideration of this Court's Order denying motion to compel production of documents and answers to interrogatories. The Court, having reviewed the motion and the record herein, is fully informed and **DENIES** the motion.

  Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. Plaintiff has not made the requisite showing as to either of

ORDER - 1

the grounds for reconsideration under CR 7(h)(1).

Plaintiff asserts that the Court "appears to be laboring under the misapprehension that only the counterclaims made in the spring of 2007 are at issue." Plaintiff states that the duty to defend arose at the time of the Kannada claim letter of August 31, 2006.

As noted in the subject Order, Kevin Kannada and his parents served Amy Schorno and her separated husband with a demand letter on August 31, 2006, for money compensation for the damages suffered by Kevin and his parents. This demand stated a monetary claim against Dan and Amy Schorno for damages suffered by the Kannadas for "Amy Schorno's repeated rape and molestation of Kevin [Kannada] between 2000 and 2002." Both Schornos tendered the demand letters to their insurer, State Farm. State Farm accepted the tender of Mr. Schorno's defense. Amy Schorno's tender was denied on the basis of lack of coverage under the policy for intentional conduct, i.e., sexual abuse.

Under Washington law, a victim's claims against an insured for battery and assault, intentional infliction of emotional distress and outrage, and childhood sexual abuse did not arise from accident, and thus do not fall within scope of coverage under homeowner's insurance policies that cover only accidental occurrences. Western Protectors Ins. Co. v. Shaffer, 624 F.Supp.2d 1292, 1298 (W.D. Wash. 2009). Claims sounding in negligence are also excluded from coverage and the duty to defend where the complaint unambiguously states that the conduct giving rise to the claims is the sexual abuse of a minor. Id., at 1299-1300. See also, American Economy Ins. Co. v. Estate of Wilker, 96 Wn. App. 87, 977 P.2d 677 (1999)( no duty to defend claim for negligent infliction of emotional distress on minor who witnessed insured's sexual molestation).

The State Farm homeowner's policy at issue covers only accidental occurrences. The demand letter and subsequent legal claims are unambiguous (allegations of sexual abuse) and the insurer had no obligation to consider facts outside the complaint. The tender of Amy Schorno's claim was denied on the basis of the unambiguous language of the demand letter and counterclaims.

ORDER - 2

1  No further investigation was necessary.  That being the case, Plaintiff's motion to compel discovery
2  of investigative materials contained in State Farm's handling of the claim against Dan Schorno lacks
3  relevance and is not reasonably calculated to lead to discoverable evidence.  The same is true of the
4  Kannadas' claim file.  Plaintiff's effort to compel discovery is without merit.

5  **ACCORDINGLY;**

6  **IT IS ORDERED:**

7  Plaintiff's Motion for Reconsideration of Order Denying Motion to Compel [Dkt. 52] is
8  **DENIED.**

10  DATED this 1st of July, 2010.

12  RONALD B. LEIGHTON
   UNITED STATES DISTRICT JUDGE

26  ORDER - 3