UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMY CATHERINE SCHORNO, | Case No. C09-5778 RBL |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS, ANSWERS TO INTERROGATORIES AND A WITNESS FOR DEPOSITION AND DENYING MOTION FOR RULE 56(f) CONTINUANCE |
| STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation; JOHN DOES 1-10, | |
| Defendants. | |

This matter comes before the Court on the Plaintiff's second motion to compel production of documents, answer interrogatories, and make available a witness for deposition. Alternatively, Plaintiff seeks a Fed. R. Civ. P. 56(f) continuance to conduct additional discovery prior to the Court's consideration of Defendant's motion for summary judgment. The Court, having reviewed the pleadings filed in support of the motions and those in response, and the record herein, is fully informed and **DENIES** Plaintiff's request for relief.

This Court has previously denied Plaintiff's motion to compel. Dkt. 46. The Court also denied Plaintiff's motion for reconsideration. Dkt. 55. Plaintiff acknowledges that this motion is little more than a reargument of the previously denied motion. As stated in the instant second

ORDER - 1

1  motion, Plaintiff "seeks production of those documents previously sought and denied by this
2  Court." Dkt. 56 pg. 2.

3  This Court has previously denied a motion for reconsideration of the motion to compel.  The
4  Court will not entertain an additional motion that essentially asks for the same relief.  Accordingly,
5  Plaintiff's motion to compel will be denied.

6  Alternatively, Pursuant to fed. R. Civ. P. 56(f), Plaintiff seeks continuance of the pending
7  summary judgment motion to permit additional discovery.

8  Fed R. Civ. P. 56(f) provides that if a party opposing a motion for summary judgment shows
9  by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the
10 court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained,
11 depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

12 To warrant a denial or a delay in judgment pursuant to Rule 56(f), the requesting party must
13 show (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery,
14 (2) the facts sought exist, and (3) the sought-after facts are essential to oppose summary judgment.
15 Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).
16 Factors courts have considered in granting motions pursuant to Rule 56(f) include: (1) a summary
17 judgment motion made early in the litigation before relevant discovery could be completed; (2)
18 discovery having been stayed by court order; (3) the case involves complex facts requiring
19 additional discovery; (4) the material facts are within the exclusive knowledge of the moving party;
20 (5) discovery requests are currently outstanding to the moving party; and (6) the motion raises new
21 and unanticipated issues.  See Garrett v. San Francisco, 818 F.2d 1515 (9th Cir.1987), DiMartini v.
22 Ferrin, 889 F.2d 922 (9th Cir. 1989).  Where a summary judgment motion is filed so early in the
23 litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory
24 of the case, district courts should grant and Rule 56(f) motion fairly freely.  Burlington N. Santa Fe.
25 R.R. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation, Montana, 323 F.3d 767, 773 (9th
26 ORDER - 2

Cir. 2003). However, summary judgment will not be delayed where the facts sought appear irrelevant, cumulative, or futile. See Burlington N. Santa Fe. R.R., at 774. The district court has the discretion to deny further discovery "if the movant has failed diligently to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment." Cal. Union Ins. Co. v. Am. Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990).

The Plaintiff has not set forth in affidavit form the specific facts she hopes to elicit from further discovery, (2) that the facts sought exist, and (3) the sought-after facts are essential to oppose summary judgment. Further, it is evident that further discovery would be futile to the defense of the pending summary judgment.

An insurer's duty to defend arises when an action is first brought; and it is based on the potential for liability. Truck Ins. Exch. v. Vanport Homes, Inc., 147 Wn.2d 751, 760, 58 P.3d 276 (2002). An insurer has a duty to defend when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage. Id.; Holly Mountain Resources, Ltd. v. Westport Ins. Corp., 130 Wn. App. 635, 647, 104 P.3d 725 (2005). If the alleged claims are clearly outside the policy's coverage, then the insurer has no duty to defend. Truck, at 760; Holly Mountain, at 647.

The insurer must investigate the claim, that is, consider facts outside the complaint, if (1) coverage is not clear from the face of the complaint but may nonetheless exist, or (2) the allegations are in conflict with facts known to or readily ascertainable by the insurer, or the allegations of the complaint are ambiguous or inadequate. Truck, at 276; Holly Mountain, at 647.

Under Washington law, a victim's claims against an insured for battery and assault, intentional infliction of emotional distress and outrage, and childhood sexual abuse did not arise from accident, and thus do not fall within scope of coverage under homeowner's insurance policies that cover only accidental occurrences. Western Protectors Ins. Co. v. Shaffer, 624 F.Supp.2d 1292, 1298 (W.D. Wash. 2009). Claims sounding in negligence are also excluded from coverage and the

ORDER - 3

1  duty to defend where the complaint unambiguously states that the conduct giving rise to the claims
2  is the sexual abuse of a minor.  Id., at 1299-1300.  See also, American Economy Ins. Co. v. Estate
3  of Wilker, 96 Wn. App. 87, 977 P.2d 677 (1999)( no duty to defend claim for negligent infliction of
4  emotional distress on minor who witnessed insured's sexual molestation).

5        The State Farm homeowner's policy at issue covers only accidental occurrences.  The
6  demand letter and counterclaims are unambiguous and the insurer has no obligation to consider
7  facts outside the complaint.  That being the case, Plaintiff's Fed. R. Civ. P. 56(f) motion to continue
8  the summary judgment motion is futile.  State Farm produced its claim file for Amy Schorno.  The
9  correspondence contained therein show the analysis and decision process that led to the
10 determination of the denial of the claim.  Under the plain language of the counterclaims and the
11 policy language, additional discovery is unwarranted.

12       Accordingly, it is hereby **ORDERED** that  Plaintiff's Second Motion to Compel Production
13 of Documents, Answers to Interrogatories , and a Witness for Deposition or Alternatively, a Fed. R.
14 Civ. P. 56(f) continuance of summary judgment [Dkt. 56] is **DENIED**.

16       DATED this 29th of July, 2010.

19       _____
20       RONALD B. LEIGHTON
      UNITED STATES DISTRICT JUDGE

26 ORDER - 4