UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMY CATHERINE SCHORNO,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation; JOHN DOES 1-10,<br><br>Defendants. | Case No. C09-5778 RBL<br><br>ORDER GRANTING STATE FARM'S MOTION FOR SUMMARY JUDGMENT ON DUTY TO DEFEND AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on cross motions for summary judgment of Plaintiff Amy Schorno and Defendant State Farm Fire and Casualty Company (State Farm) on the duty of Plaintiff's insurer, State Farm, to defend Ms. Schorno. The Court has considered the pleadings filed in support of and in opposition to the motions, and the remainder of the file and **GRANTS** State Farm's motion for summary judgment [Dkt. 20] and **DENIES** Plaintiff's motion for summary judgment. [Dkt. 49]

**Introduction and Background**

Kevin Kannada and his parents, Jeff and Kathy Kannada, served Amy Schorno and her separated husband, Dan Schorno, with a demand letter on August 31, 2006. Dkt. 57-3 pg. 3-5. This demand states a monetary claim for $500,000 against Dan and Amy Schorno for damages

ORDER - 1

suffered by the Kannadas for "Amy Schorno's repeated rape and molestation of Kevin between 2000 and 2002." *Id*. The letter states that "Mrs. Schorno manipulated and seduced Kevin for the first time shortly after he celebrated his fourteenth birthday in the fall of 2000." *Id*., at pg. 3. The letter alleges that Mrs. Schorno "exposed Kevin to pornography, engaged him in bondage and other deviant sexual acts ... " *Id.* Addressing the conduct of Dan Schorno, the demand letter states that he breached a responsibility to use reasonable care to protect Kevin from the intentional sexual abuse of his wife. *Id*., at pg. 4. The demand asserts that Mr. and Mrs. Kannada and Kevin may pursue civil claims against both Dan and Amy Schorno for the injuries caused by "Mrs. Schorno's intentional sexual abuse of Kevin" *Id*. The damages alleged to have been suffered by Kevin Kannada are post-traumatic stress disorder, major depression, and generalized anxiety. It is asserted he will require long-term clinical attention. *Id.* The letter further claims that this conduct injured the parent-child the relationship between Kevin and his parents. *Id*., at pg. 3.

Both Schornos tendered the demand letters to their insurer, State Farm. State Farm accepted the tender of Dan Schorno's defense. Amy Schorno's tender was denied on the basis of lack of coverage under the policy for intentional conduct, i.e., sexual abuse. Dk. 57-3 pg. 54-56. The denial letter indicated that State Farm had been notified that Mrs. Schorno had filed a lawsuit against Kevin Kannada and his parents. Mrs. Schorno was informed that in the event the Kannadas filed any counterclaims, she should submit them to State Farm for review. *Id*., at pg. 56.

State Farm negotiated a settlement with the Kannadas on behalf of Dan Schorno, obtaining a release of all claims against Dan Schorno in exchange for a payment of $30, 000 to the Kannadas. Dkt. 51-3 pg. 10-14.

On the same day that she tendered the demand letter to State Farm, Amy Schorno filed suit against the Kannadas. Amy Schorno alleged that Kevin forcibly had physical and sexual contact with Plaintiff on repeated occasions and that Kevin's conduct, which included physical violence, sexual assault, and mental abuse, continued until the summer of 2005. Amy Schorno alleged that

ORDER - 2

Jeff and Kathy Kannada knew that their son was acting inappropriately, but failed to control him. Dkt. 21-3 pg. 2-8.

Kevin Kannada filed an answer to the complaint which included counterclaims against Plaintiff Amy Schorno. Dkt. 21-4 pg. 2-10. These counterclaims consist of (1) sexual abuse of a child - Plaintiff intentionally engaged in sexual contact with Kevin when Kevin was 14 and 15 years old, which is rape of a child and child molestation in the third degree; (2) outrage - Amy Schorno intentionally or recklessly caused Kevin Kannada emotional distress by informing him that she was pregnant with his child and by repeatedly telling him that his parents did not want him or love him; (3) malicious interference with the parent-child relationship - Plaintiff maliciously interfered with the parent-child relationship by encouraging Kevin to skip school and engage in sexual relations with her, and that Plaintiff intentionally made statements to Kevin in an effort to distance him from his parents; and (4) defamation - Mrs. Schorno falsely labeled Kevin as a rapist and physical abuser. *Id*., at pg 8-9.

Kevin subsequently amended his counterclaims to assert an additional fifth claim: communication with a minor for immoral purposes. Dkt. 21-6 pg. 9.

Jeff and Kathy Kannada filed a separate answer and counterclaims to Amy Schorno's complaint. Dkt. 21-5 pg. 2-13. The counterclaims allege (1) injury to the parent-child relationship - between the fall of 2000 and the summer of 2005, Amy Schorno engaged in grooming behavior, victimization and sexual abuse of the Kannada's minor son, Kevin. Mrs. Schorno encouraged Kevin to skip school to be with her so they could engage in sexual intercourse and conduct. Amy Schorno even gave Kevin Kannada money to purchase drugs, encouraged him to lie all the while alienating him from his family; (2) negligent infliction of emotional distress - resulting from the sexual abuse of their child; (3) intentional infliction of emotional distress - resulting from sexual abuse of Kevin; (4) outrage - resulting from sexual abuse of Kevin; and (5) negligent supervision - permitting sexual abuse of Kevin. Dkt. 21-5 pg. 9-11. The alleged damages suffered by Jeff and

ORDER - 3

Kathy Kannada are emotional distress, terror, psychological scarring, destruction of parent-child relationship, lose of society, love and companionship, loss of consortium and other general and specific damages. Dkt. 21-5 pg. 11.

Finally, the Kannadas jointly filed an amended counterclaim against Amy Schorno adding a cause of action for childhood sexual abuse - resulting from the sexual grooming and abuse of Kevin.

Amy Schorno tendered the counterclaims to State Farm. The tenders were denied on the basis that a continuous course of sexual relations does not constitute an accident and is therefore not within the insuring agreement. Dkt. 51-3 pg. 6-8, 39-42, 67-71. State Farm stated it had no duty to defend or indemnify Amy Schorno under her homeowner's policy because the claims against her do not allege injury or damage caused by an "occurrence" as defined in the policy and because the alleged injury arises out of "willful and malicious" conduct, not an accident. State Farm further explained that any deliberate conduct, i.e. sexual grooming and abuse, labeled as negligence did not create a duty to defend, as the complaint cannot convert deliberate acts into an accident. Dkt. 51-3 pg. 97-99.

State Farm also explained that the claims in the original demand letter against Mr. Schorno and Ms. Schorno were each evaluated on their own merits and handled accordingly. The claims against Daniel Schorno were substantially different in that he was accused of negligence in failing to protect Kevin Kannada from the sexual abuse of Amy Schorno. For this reason, it was possible that Dan Schorno could be found liable for damages caused by an accident. Accordingly, State Farm exercised the right under the policy to negotiate a settlement in exchange for a release of claims against Mr. Schorno. Dkt. 51-3 pg. 99.

State Farm issued Homeowners Policy No. 47-EB-9998-3 to Amy and Dan Schorno. The policy had effective dates of March 20, 2000 to March 20, 2001 and was renewed annually and in force consecutively through the March 20, 2005 to March 20, 2006 policy period. The terms of the

ORDER - 4

policy remained unchanged from March 20, 2000 to March 20, 2006.

The policy's Insuring Agreement states:

If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence, we will:

    1.    pay up to our limit of liability for the damages for which the insured is legally liable; and

    2.    provide a defense at our expense. . . .

The policy contains the following relevant exclusion:

    1. Coverage L and M do not apply to:

        a. Bodily injury or property damage:

            (1)    which is either expected or intended by the insured; or

            (2)    which is the result of willful and malicious acts of the insured;

The policy contains the following relevant definitions:

    1.    "bodily injury" means physical harm to a person, including any resulting sickness or disease. This includes the required care, loss of services and death resulting therefrom. Bodily injury does not include:

        a.    the transmission of a communicable disease by an insured to any other person;

        b.    the exposure to any communicable disease by any insured to any other person; or

        c.    emotional distress, mental anguish, humiliation, mental injury, or similar injury unless it arises out of actual physical injury to some person.

    7.    "occurrence", when used in Section II of this policy, means an accident, including exposure to conditions, which result in:

        a.    bodily injury; or

        b.    property damage;

ORDER - 5

>during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one occurrence.

Dkt. 21-2 pg. 1- 47.

Amy Schorno initiated the instant lawsuit against State Farm asserting a breach of the duty to defend and bad faith. Both State Farm and Amy Schorno move for summary judgment.

State Farm argues that the unambiguous allegations of the demand letter and counterclaims filed by the Kannadas do not trigger coverage under the policy. First, the demand letter and counterclaims do not allege "bodily injury" caused by an "occurrence." Next, coverage is clearly excluded by the exclusions for intentional and/or willful and malicious conduct. The demand letter and counterclaims allege that Plaintiff raped and sexually abused Kevin while and after Kevin was a minor. Thus, not only is Plaintiff clearly alleged to have intended her abuse, she is presumed to have intended not only her actions, but the resultant harm. There is no coverage for Plaintiff under the policy because intentional sexual intercourse, rape, sexual abuse, and the resultant harm, is intentional conduct and excluded from coverage.

Plaintiff disputes this interpretation of the policy and allegations contained in the demand letter and counterclaims. Plaintiff argues that State Farm had a duty to investigate the allegations of the demand letter and counterclaims. Plaintiff strenuously asserts her innocence of any tort or crime committed against Kevin Kannada, alleging that she was the victim of his abuse. Plaintiff contends that this information was available to State Farm and that State Farm made a subjective and possibly arbitrary determination of guilt, even in the absence of clear or conclusive evidence. Plaintiff argues that State Farm provided a defense for Dan Schorno and therefor should provide her a defense. She further asserts that the demand letter alleges an accident, Amy Schorno's unreasonable supervision of a minor, and that Plaintiff negligently, intentionally and recklessly caused the Kannadas to suffer emotional distress; allegations that are within the coverage

ORDER - 6

provisions of the policy. Plaintiff also contends that because Kevin Kannada was of majority age during a portion of the time frame of the allegations, a question of coverage arises.

## Summary Judgment Standards

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude summary judgment as a matter of law. Fed. R. Civ. P. 56(c). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Id. at 324. "Summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir.1995). Factual disputes, the resolution of which would not affect the outcome of the suit, are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## Duty to Defend

The rule regarding the duty to defend is well settled in Washington and is broader than the duty to indemnify. *Woo v. Fireman's Fund Ins. Co.,* 61 Wash.2d 43, 52, 164 P.3d 454 (2007); *Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wn.2d 55, 64, 1 P.3d 1167 (2000). The duty to defend arises at the time an action is first brought, and is based on the potential for liability. *Woo,* at 52; *Truck Ins. Exch. v. VanPort Homes, Inc.*, 147 Wn.2d 751, 760, 58 P.3d 276 (2002). An insurer has a duty to defend when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage. *Holly Mountain Resources, Ltd. v. Westport Ins. Corp.*, 130 Wn. App. 635, 647, 104 P.3d 725 (2005).; *Unigard Ins. Co. v. Leven*, 97 Wn. App. 417, 425, 983 P.2d 1155 (1999). An insurer is not relieved of its duty to

ORDER - 7

defend unless the claim alleged in the complaint is clearly not covered by the policy.  *Woo,* at 53*; Truck Ins. Exch.*, at 760; *Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 561, 951 P.2d 1124 (1998). Moreover, if a complaint is ambiguous, a court will construe it liberally in favor of triggering the insurer's duty to defend.  *Woo,* at 53; *Truck Ins. Exch.*, at 760; *R.A. Hanson Co. v. Aetna Ins. Co.*, 26 Wn. App. 290, 295, 612 P.2d 456 (1980).  In sum, the duty to defend is triggered if the insurance policy conceivably covers the allegations in the complaint.

The insurer must investigate the claim, that is, consider facts outside the complaint, if (1) coverage is not clear from the face of the complaint but may nonetheless exist, or (2) the allegations are in conflict with facts known to or readily ascertainable by the insurer, or the allegations of the complaint are ambiguous or inadequate.  *Holly Mountain*, at 647; *Truck*, at 276.

The Schorno's homeowners policy defines "occurrence" as "an accident, including exposure to conditions, which result in . . . bodily injury."  An accident is never present when a deliberate act is performed unless some additional unexpected, independent and unforeseen happening occurs which produces or brings about the result of injury or death.  The means as well as the result must be unforeseen, involuntary, unexpected and unusual.  *State Farm Fire & Cas. Co. v. Ham & Rye, LLC.*,  142 Wn.App. 6, 14-16, 174 P.3d 1175 (2007); *Safeco Ins. Co. v. Butler*, 118 Wn. 2d 383, 401 (1992).  Thus, where the insured acts intentionally but claims that the result was unintended, the incident is not an accident if the insured knew or should have known facts from which a prudent person would have concluded that the harm was reasonably foreseeable.  *Ham & Rye LLC.*, at 17; *State Farm Fire & Cas. Co. v. Parrella,* 134 Wn.App. 536, 540, 141 P.3d 643 (2006).  Based on the foregoing, coverage has been routinely denied to insureds for intentional acts as a matter of law, even when the harm is unintended.  *Pacific Ins. Co. v. Catholic Bishop of Spokane*, 450 F. Supp.2d 1186, 1198 (E.D. Wash.2006).

Unremarkably, under Washington law, a victim's claims against an insured for battery and assault, intentional infliction of emotional distress, outrage, and childhood sexual abuse do not arise

ORDER - 8

from accident, and thus do not fall within scope of coverage under homeowner's insurance policies that cover only accidental occurrences. *Western Protectors Ins. Co. v. Shaffer*, 624 F. Supp.2d 1292, 1298 (W.D. Wash. 2009). An insured's deliberate act of intercourse with another is not an accident so long as the insured specifically intended the act. *Catholic Bishop of Spokane*, at 1198; *Western Nat. Assur. Co. v. Hecker*, 43 Wn.App. 816, 822-23, 719 P.2d 954 (1986).

Neither the Kannadas' demand letter nor the counterclaims against Plaintiff allege an "occurrence." Rather, they include allegations of non-accidental and intentional conduct: rape; molestation; sexual abuse of a child; intentionally engaging in sexual contact and intercourse; intentionally causing emotional distress; intent to drive Kevin from his parents; grooming; sexual victimization; predatory behavior; outrage; manipulation; indecent liberties; and intentional infliction of emotional distress. Because these allegations of intentional conduct are not accidental they do not constitute an "occurrence," and there is no coverage for Plaintiff under the policy.

Claims sounding in negligence are also excluded from coverage and the duty to defend where the complaint unambiguously states that the conduct giving rise to the claims is intentional sexual conduct. *Western Protectors Ins. Co. v. Shaffer*, 624 F. Supp.2d 1292, 1299-1300 (W.D. Wash. 2009). See also, *American Economy Ins. Co. v. Estate of Wilker,* 96 Wn. App. 87, 977 P.2d 677 (1999)( no duty to defend claim for negligent infliction of emotional distress on minor who witnessed insured's sexual molestation). In fact, in cases involving sexual abuse, Washington law infers the intent to inflict harm as a matter of law, regardless of the abuser's actual subjective intent. *Catholic Bishop of Spokane*, at 1198; *Rodriguez v. Williams,* 107 Wash.2d 381, 387, 729 P.2d 627 (1986).

The demand letter and counterclaims are unambiguous. They allege sexual abuse and other intentional conduct on the part of Plaintiff. There is no suggestion of some additional unexpected, independent and unforseen happening occurring that produced the Kannadas' injuries.

The fact that Plaintiff may be innocent of the allegations has no bearing on coverage and the

ORDER - 9

duty to defend. It is the unambiguous allegations of the demand letter and counterclaims that determine the duty to defend and indemnify. The claims alleged against Plaintiff in the demand letter and the Kannadas' counterclaims are clearly not covered by the policy and thus there is no duty to defend.

The fact that Kevin Kannada was of the age of majority during a period of sexual contact does not alter the analysis. The demand letter and counterclaims allege improper, intentional, non-accidental sexual conduct throughout Kevin's childhood, age of consent, and age of majority. The age of Kevin has no bearing on whether the acts of Plaintiff were intentional and thus, not accidental. See e.g., *Western. Nat. Assur. Co. v. Hecker*, 43 Wn.App. 816, 822-23, 719 P.2d 954 (1986)(intentional act of intercourse not an accident).

That a counterclaim asserts "negligence" does not invoke the duty to defend where the allegations of the complaint arise from the intentional conduct of sexual abuse. See, *New York Underwriters Ins. Co. v. Doty*, 58 Wn.App. 546, 548-49, 794 P.2d 521 (1990)(rejecting insured's attempt to evade exclusionary clause by avoiding reference to intentional torts when her complaint was clearly based on intentional acts); *American Economy Ins. Co. v. Estate of Wilker,* 96 Wn.App. 87, 977 P.2d 677, 93 (1999)(allegedly negligent conduct not considered accidental when close in space and time or inextricably linked with course of sexual abuse). The claim that Plaintiff's conduct of sexual abuse of Kevin constituted negligent supervision is not a covered occurrence. This negligence, if it could be considered such, is inextricably linked to the intentional sexual abuse of Kevin Kannada.

Additionally, the claim of negligent infliction of emotional distress does not allege "bodily injury." The policy provides coverage for "bodily injury" caused by an "occurrence." "Bodily injury" is defined by the policy as physical harm to a person, including any resulting sickness or disease. Bodily injury does not include emotional distress, mental anguish, humiliation, mental injury, or similar injury unless it arises out of actual physical injury to some person. There is no

ORDER - 10

claim for physical injury. Accordingly, the Kannadas emotional distress injuries are not a "bodily injury" that trigger coverage and a duty to defend.

The fact that State Farm provided a defense to Dan Schorno does not require Plaintiff to be provided a defense. Although the perpetrators of intentional acts of abuse are not entitled to coverage, another insured under the policy may be covered for negligence in failing to protect the victim from the perpetrator's conduct. See e.g., *Unigard Mut. Ins. Co. v. Spokane Sch. Dist. No. 81,* 20 Wn.App. 261, 579 P.2d 1015 (1978)(no duty to defend child for intentional act, and yet a duty to defend and indemnify parents for failure to supervise); *Pacific Ins. Co. v. Catholic Bishop of Spokane,* 450 F.Supp.2d 1186, 1198-99 (E.D. Wash. 2006)(no duty to defend priests for intentional conduct and yet a duty to defend diocese for failure to supervise); *Federated Am. Ins. Co. v. Strong*, 102 Wn.2d 665, 689 P.2d 68 (1984)(no duty to defend spouse for intentional conduct and yet duty to defend other spouse). The Kannadas' demand letter accused Dan Schorno of failing to protect Kevin from the intentional acts of sexual abuse of his spouse, Amy Schorno. Thus, it is possible that Dan Schorno could establish the existence of an "accident" for claims that he acted negligently in failing to protect Kevin Kannada. State Farm appropriately evaluated the claims against its insured Dan Schorno independently from the claims against Plaintiff and appropriately entered into a settlement of those claims.

There being no accident in the conduct of Plaintiff, there is no occurrence and no duty to defend.

Even if Amy Schorno's acts were a covered occurrence, they are excluded from coverage by operation of the exclusion for "Bodily injury ... (1) which is either expected or intended by the insured, or (2) which is the result of willful and malicious acts of the insured." An act of sexual abuse is of such a character that an intent to cause injury can be inferred as a matter of law. See, *Western Nat. Assur. Co. v. Hecker*, 43 Wn.App. 816, 719 P.2d 954 (1986); *Rodriguez v. Williams*,

ORDER - 11

42 Wn.App. 633, 713 P.2d 135 (1986).

**Conclusion**

The Kannadas' allegations in the demand letter and counterclaims are clear. Amy Schorno was alleged to have committed intentional acts of sexual abuse and related intentional conduct. State Farm did not have a duty to defend Plaintiff because neither the Kannada demand letter nor counterclaims allege "bodily injury" caused by an "occurrence." Coverage is otherwise excluded for Plaintiff because of the policy's "expected or intended" and "willful and malicious" exclusions. There are no genuine issues of material fact. State Farm is entitled to summary judgment and conversely, Amy Schorno is denied summary judgment.

**ACCORDINGLY;**

**IT IS ORDERED:**

1. State Farm's Motion for Summary Judgment on Duty to Defend [Dkt. 20] is **GRANTED**. There is no duty to defend Plaintiff, Amy Schorno, under Policy No. 47-EB-9998-3.
2. Plaintiff's Motion for Summary Judgment [Dkt. 49] is **DENIED**.
3. Plaintiff's complaint is dismissed with prejudice.

DATED this 3rd day of August, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 12